1  Richard Lyon (Cal. Bar No. 229288)
   rick@dovel.com
2  Simon Franzini (Cal. Bar No. 287631)
   simon@dovel.com
3  Jonas B. Jacobson (Cal. Bar No. 269912)
   jonas@dovel.com
4  Grace Bennett (Cal. Bar No. 345948)
   grace@dovel.com
5  DOVEL & LUNER, LLP
6  201 Santa Monica Blvd., Suite 600
   Santa Monica, California 90401
7  Telephone: (310) 656-7066
   Facsimile: (310) 656-7069
8
9
   Kevin Kneupper, Esq. (CA SBN 325413)
10 kevin@kneuppercovey.com
   A. Cyclone Covey, Esq. (CA SBN 335957)
11 cyclone@kneuppercovey.com
   KNEUPPER & COVEY, PC
12 17011 Beach Blvd., Ste. 900
   Huntington Beach, CA 92647-5998
13 Tel: (512) 420-8407
14
15 *Attorneys for Plaintiffs*
16              **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| 18 TRISTAN HURD and KEN DIMICCO, each individually and on behalf of all others 19 similarly situated, | Case No. 2:22-cv-00685-SSS-MARx |
| 20 *Plaintiffs*, | **ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| 21 v. | |
| 22 G.SKILL INTERNATIONAL ENTERPRISE 23 CO., LTD., G.SKILL USA, INC., NEUTECK, INC., and RACERSPEED, INC., 24 | **NOTE CHANGES MADE BY COURT** |
| 25 *Defendants*. | |

26
27
28

1    Before the Court is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement

2  ("Motion"). Having considered the Settlement Agreement ("Settlement" or "Agreement"), the Motion, all

3  accompanying declarations and exhibits, and all supporting legal authorities and documents, the Court

4  GRANTS the Motion, subject to the following findings and orders. Except as otherwise indicated,

5  capitalized terms shall have the same meaning as ascribed in the Agreement.

6    1.    The Court preliminarily certifies the Settlement Class, as defined in §1.30 of the

7  agreement, for the purposes of settlement only. The Court finds, for settlement purposes only, that the

8  Settlement Class satisfies the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil

9  Procedure: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there

10  are questions of law and fact common to the Settlement Class; (c) Plaintiffs' claims are typical of the

11  claims of the Settlement Class; (d) Plaintiffs and Class Counsel will fairly and adequately protect the

12  interests of the Settlement Class; (e) the questions of law and fact common to the Settlement Class

13  predominate; and (f) a class action is a superior method to adjudicate this dispute.

14    2.    The Court preliminarily appoints Plaintiffs Tristan Hurd and Ken Dimicco as Class

15  Representatives of the Settlement Class.

16    3.    The Court preliminarily appoints Dovel & Luner, LLP and Kneupper Covey, PC as

17  Class Counsel under Rule 23(g).

18    4.    The Court preliminarily finds that the terms of the Settlement are fair, reasonable and

19  adequate. The Court finds that each of the factors under Rule 23(e) favor preliminary approval: (a) the

20  Class Representatives and Class Counsel have adequately represented the class; (b) the Settlement was

21  negotiated at arm's length; (c) the relief provided for the class is adequate, taking into account the

22  applicable factors under Rule 23(e)(2)(c); and (d) the proposal treats class members equitably relative to

23  each other. The Court finds that none of the signs of collusion set forth in *In re Bluetooth Headset Prods.*

24  *Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011)—a disproportionate distribution of the settlement fund to

25  counsel, a clear sailing provision, or a reverter provision—are present in the Settlement.

26    5.    The Court approves the proposed notice plan, including the form and content of the

27  notice and the method of its dissemination as set forth in the Agreement. The Court finds that the notice

28  plan complies with the requirements of due process and Rule 23, including that it provides for the best

notice that is practicable under the circumstances. The Court finds that the notice fully apprises

Settlement Class Members of their rights under the Settlement.

6.      The Court appoints Angeion Group as Settlement Administrator, and authorizes the

Settlement Administrator to implement the notice plan as set forth in the Agreement.

7.      The Court approves the proposed claims procedure, including the substance of the claim

form, as set forth in the Agreement.

8.      The Court approves the proposed procedures for objections and requests for exclusion as

set forth in the Agreement.

9.      The Court orders the following schedule.

| Event | Date |
|---|---|
| Notice Date, as defined in §1.19 of the Agreement | No later than 30 days after entry of the order granting Preliminary Approval 2/6 |
| Plaintiffs to file a Motion for Attorneys' Fees, Costs, and Incentive Awards | 14 days before Objection/Exclusion Deadline |
| Objection/Exclusion Deadline | 60 days after Notice Date 4/7 |
| Claims Deadline | 60 days after Notice Date 4/7 |
| Plaintiffs to file a Motion for Final Approval of the Settlement | No earlier than 21 days after Claims Deadline |
| Final Approval Hearing | June 5, 2026 at 2:00 p.m. |

10.      The Court hereby sets a Final Approval Hearing on June 5, 2026 at 2:00 p.m. in

Courtroom 2 of the United States District Court for the Central District of California, located at 3470

Twelfth Street, Riverside, California 92501. The Court may continue or adjourn the Final Approval

Hearing without further notice to Settlement Class Members.

11.      By entering this order, the Court makes no determination on the merits of Plaintiffs'

allegations. Neither the Agreement nor any related documents or communications will be construed or

used in any proceeding as an admission or evidence of wrongdoing or liability on the part of Defendants.

1    12.    If for any reason the Court does not execute and file a final approval order, or if the

2 Effective Date of the Settlement does not occur for any reason, the Parties will be restored to the status

3 quo ante as set forth in the Agreement. In such event, the Settlement Class will be deemed vacated, and

4 the certification of the Settlement Class for settlement purposes will not be considered or used in

5 connection with any class certification proceedings.

6    13.    All proceedings in the Action are stayed except as necessary to implement the Settlement.

7    14.    The Court retains jurisdiction over the Action and the Parties for purposes of the

8 Settlement.

9    **IT IS SO ORDERED.**

10

11 Dated: January 7, 2026

_____

HON. SUNSHINE S. SYKES

12 UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28