Richard Lyon (Cal. Bar No. 229288)
rick@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Grace Bennett (Cal. Bar No. 345948)
grace@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

Kevin Kneupper, Esq. (CA SBN 325413)
kevin@kneuppercovey.com
A. Cyclone Covey, Esq. (CA SBN 335957)
cyclone@kneuppercovey.com
KNEUPPER & COVEY, PC
17011 Beach Blvd., Ste. 900
Huntington Beach, CA 92647-5998
Tel: (512) 420-8407

*Attorneys for Plaintiffs and the Settlement Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRISTAN HURD and KEN DIMICCO, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>G.SKILL INTERNATIONAL ENTERPRISE CO., LTD., G.SKILL USA, INC., NEUTECK, INC., and RACERSPEED, INC.,<br><br>*Defendants*. | Case No. 2:22-cv-00685-SSS-MAR<br><br>**NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARDS**<br><br>Date: June 5, 2026<br>Time: 2:00 p.m.<br>Dept: Courtroom 2<br>Judge: Hon. Sunshine S. Sykes |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that on June 5, 2026, at 2:00 p.m., in Courtroom 2 of the United States District Court for the Central District of California, located at 3470 Twelfth Street, Riverside, California 92501, Plaintiffs Tristan Hurd and Ken Dimicco will and hereby do move this Court for entry of an order:

1. Awarding $800,000 in attorneys' fees and $116,277.66 in cost reimbursements to Class Counsel;

2. Awarding $5,000 Incentive Awards to the Class Representatives, Tristan Hurd and Ken Dimicco.

This Motion is based on this Notice of Motion and Motion for Attorneys' Fees, Costs, and Incentive Awards; the Declaration of Richard Lyon, filed concurrently herewith; all supporting exhibits filed herewith; all other pleadings and papers filed in this action; and any argument or evidence that may be presented at the hearing in this matter. Plaintiffs shared a copy of this Motion with counsel for Defendants, and Defendants' counsel confirmed the Motion is unopposed.

**Table of Contents**

I.      Introduction. ................................................................................................................ 1

II.     The Settlement. .......................................................................................................... 1

III.    Class Counsel's requested fee award is fair, reasonable, and justified. ..................... 2

        A.      The Court should primarily rely on the favored percentage-of-the-fund method.......... 2

        B.      The requested fee is in line with California and Ninth Circuit precedent for fees, and is presumptively reasonable. .......................................................................... 4

        C.      The relevant factors considered by courts each confirm that the fee request is reasonable. .................................................................................................. 6

                1.      Class Counsel achieved an excellent result for the Class. ................................ 6

                2.      The case presented significant risks. .................................................................. 8

                3.      The Settlement Class benefited from Class Counsel's excellent work and significant expertise. .............................................................................. 9

                4.      Class Counsel took this case on a contingency basis and has borne significant financial burdens. .......................................................... 11

                5.      Courts in comparable cases have awarded similar fees. ................................. 11

        D.      A lodestar cross-check supports the reasonableness of the requested fee. .................. 11

IV.     The requested costs were reasonably incurred for the prosecution and settlement of this litigation, and should be reimbursed in full........................................................ 14

V.      The requested incentive awards are reasonable and should be approved. ............................. 15

VI.     Conclusion. ............................................................................................................. 15

**Table of Authorities**

**Cases**

*Acosta v. Evergreen Moneysource Mortg. Co.*,
  2019 U.S. Dist. LEXIS 198728 (E.D. Cal. Nov. 14, 2019) .............................................. 12

*Ahmed v. HSBC Bank United States*,
  2019 U.S. Dist. LEXIS 222750 (C.D. Cal. Dec. 30, 2019) ................................................ 3

*Aichele v. City of L.A.*,
  2015 U.S. Dist. LEXIS 120225 (C.D. Cal. Sep. 9, 2015) .................................................. 3

*Alston v. NCAA (In re NCAA Ath. Grant-in-Aid Cap Antitrust Litig.)*,
  768 Fed. Appx. 651 (9th Cir. 2019) ............................................................................... 12

*Alvarez v. Farmers Ins. Exch.*,
  2017 U.S. Dist. LEXIS 119128 (N.D. Cal. Jan. 17, 2017) ............................................... 10

*Arthur v. Sallie Mae, Inc.*,
  2012 U.S. Dist. LEXIS 132061 (W.D. Wash. Sep. 17, 2012) ............................................ 3

*Bakhtiar v. Info. Res., Inc.*,
  2020 U.S. Dist. LEXIS 258600 (N.D. Cal. Aug. 4, 2020) ................................................. 9

*Bakhtiar v. Info. Res., Inc.*,
  2021 U.S. Dist. LEXIS 192303 (N.D. Cal. Feb. 10, 2021) .............................................. 11

*Bellinghausen v. Tractor Supply Co.*,
  306 F.R.D. 245 (N.D. Cal. 2015) ................................................................................... 15

*Bennett v. SimplexGrinnell LP*,
  2015 U.S. Dist. LEXIS 192870 (N.D. Cal. Sep. 3, 2015) ................................................ 15

*Black v. T-Mobile USA, Inc.*,
  2019 U.S. Dist. LEXIS 123676 (N.D. Cal. July 24, 2019) ................................................. 2

*Bravo v. Gale Triangle, Inc.*,
  2017 U.S. Dist. LEXIS 77714 (C.D. Cal. Feb. 16, 2017) ................................................... 8

*Broomfield v. Craft Brew All., Inc.*,
  2020 U.S. Dist. LEXIS 74801 (N.D. Cal. Feb. 5, 2020) .................................................... 5

*Buccellato v. AT&T Operations, Inc.*,

   2011 U.S. Dist. LEXIS 85699 (N.D. Cal. June 30, 2011) ................................................. 13

*Camarena v. Hillcrest Contr.*,

   2019 Cal. Super. LEXIS 61518 (Cal. Super. Ct., Aug. 23, 2019) ..................................... 5

*Campbell v. Facebook, Inc.*,

   951 F.3d 1106 (9th Cir. 2020) ....................................................................... 12

*Carlotti v. Asus Comput. Int'l*,

   2020 U.S. Dist. LEXIS 108917 (N.D. Cal. June 22, 2020) ............................................ 13

*Craft v. Cnty. of San Bernardino*,

   624 F. Supp. 2d 1113 (C.D. Cal. 2008) ........................................................... 12

*Defrees v. Kirkland*,

   2018 U.S. Dist. LEXIS 125462 (C.D. Cal. July 26, 2018) ............................................ 10

*Dyer v. Wells Fargo Bank, N.A.*,

   303 F.R.D. 326 (N.D. Cal. 2014) ................................................................ 15

*Elder v. Hilton Worldwide Holdings, Inc.*,

   2021 U.S. Dist. LEXIS 204099 (N.D. Cal. Feb. 4, 2021) ............................................. 14

*Fitzhenry-Russell v. Coca-Cola Co.*,

   2019 U.S. Dist. LEXIS 200701 (N.D. Cal. June 13, 2019) ........................................... 7

*Fitzhenry-Russell v. Coca-Cola Co.*,

   2019 U.S. Dist. LEXIS 232216 (N.D. Cal. Oct. 3, 2019) ............................................. 7

*Hanlon v. Chrysler Corp.*,

   150 F.3d 1011 (9th Cir. 1998) ...................................................................... 3

*Hefler v. Wells Fargo & Co.*,

   2018 U.S. Dist. LEXIS 213045 (N.D. Cal. Dec. 17, 2018) ........................................... 12

*Hubbard v. Henkel Corp.*,

   2022 U.S. Dist. LEXIS 248140 (N.D. Cal. July 25, 2022) ........................................... 14

*In re Animation Workers Antitrust Litig.*,

   2016 U.S. Dist. LEXIS 156720 (N.D. Cal. Nov. 11, 2016) ........................................... 10

Motion for Attorneys' Fees, Costs,
and Incentive Awards               iv             Case No. 2:22-cv-00685-SSS-MAR

*In re Apple Inc. Device Performance Litig.*,

    2021 U.S. Dist. LEXIS 50546 (N.D. Cal. Mar. 17, 2021) ..................................................... 3, 4, 9, 10

*In re Bluetooth Headset Prods. Liab. Litig.*,

    654 F.3d 935 (9th Cir. 2011) ........................................................................................................ 6

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,

    2016 U.S. Dist. LEXIS 102408 (N.D. Cal. Aug. 3, 2016) ............................................................. 6

*In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*,

    2019 U.S. Dist. LEXIS 21990 (N.D. Cal. Feb. 11, 2019) ............................................................ 15

*In re High-Tech Emple. Antitrust Litig.*,

    2015 U.S. Dist. LEXIS 118052 (N.D. Cal. Sep. 2, 2015) ............................................................ 14

*In re Mego Fin. Corp. Sec. Litig.*,

    213 F.3d 454 (9th Cir. 2000) ...................................................................................................... 15

*In re Omnivision Techs.*,

    559 F. Supp. 2d 1036 (N.D. Cal. 2007) .............................................................................. 4, 6, 9, 11

*In re Toys "R" Us-Del., Inc.- Fair & Accurate Credit Transactions Act (FACTA) Litig.*,

    295 F.R.D. 438 (C.D. Cal. 2014) ................................................................................................ 12

*In re Volkswagen "Clean Diesel" Mktg., Prods. Liab. Litig.*,

    746 Fed. Appx. 655 (9th Cir. 2018) ............................................................................................ 12

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*,

    2017 U.S. Dist. LEXIS 39115 (N.D. Cal. Mar. 17, 2017) ............................................................ 13

*Kaye v. Immunocellular Therapeutics, Ltd.*,

    2019 U.S. Dist. LEXIS 201657 (C.D. Cal. Nov. 19, 2019) ............................................................ 3

*Koeppen v. Carvana, LLC*,

    2024 U.S. Dist. LEXIS 81686 (N.D. Cal. May 3, 2024) ................................................................ 7

*Kumar v. Salov N. Am. Corp.*,

    2017 U.S. Dist. LEXIS 105463 (N.D. Cal. July 7, 2017) ............................................................... 9

*Laffitte v. Robert Half Int'l Inc.*,

    1 Cal. 5th 480 (2016) .................................................................................................................... 3

*Larsen v. Trader Joe's Co.*,

 2014 U.S. Dist. LEXIS 95538 (N.D. Cal. July 11, 2014) .................................................................... 9

*Lealao v. Beneficial Cal., Inc.*,

 82 Cal. App. 4th 19 (Ct. App. 1st Dist. 2000) ............................................................... 13

*Lopez v. Youngblood*,

 2011 U.S. Dist. LEXIS 99289 (E.D. Cal. Sep. 1, 2011) .............................................. 3, 4

*Maciel v. Bar 20 Dairy, LLC*,

 2021 U.S. Dist. LEXIS 87242 (E.D. Cal. May 5, 2021) ................................................ 7

*Magana v. Eibach Springs*,

 2020 Cal. Super. LEXIS 33269 (Cal. Super. Ct. Dec. 8, 2020) .................................... 5

*Mangold v. California Pub. Utils. Comm'n*,

 67 F.3d 1470 (9th Cir. 1995) ...................................................................................... 2

*McShan v. Hotel Valencia Corp.*,

 2021 U.S. Dist. LEXIS 69558 (N.D. Cal. Apr. 9, 2021) ............................................... 4

*Medoff v. Minka Lighting, LLC*,

 No. 2:22-cv-08885-HDV, 2024 U.S. Dist. LEXIS 235592 (C.D. Cal. July 10, 2024) ...................... 4

*Miller v. Ghiradelli Chocolate Co.*,

 2015 U.S. Dist. LEXIS 20725 (N.D. Cal. Feb. 20, 2015) ............................................ 13

*Nichols v. Noom, Inc.*,

 2022 U.S. Dist. LEXIS 123146 (S.D.N.Y. July 12, 2022) ............................................. 5

*Owlink Tech., Inc. v. Cypress Tech. Co., Ltd.*,

 2023 U.S. Dist. LEXIS 231847 (C.D. Cal. Dec. 12, 2023) .......................................... 13

*Perez v. CVS Health Corp.*,

 2021 U.S. Dist. LEXIS 110216 (E.D. Cal. June 11, 2021) ........................................... 7

*Perez v. Merit Aluminum*,

 2022 Cal. Super. LEXIS 93917 (Cal. Super. Ct. Apr. 6, 2022) .................................... 5

*Perez v. Rash Curtis & Assocs.*,

 2020 U.S. Dist. LEXIS 68161 (N.D. Cal. Apr. 17, 2020) ....................................... 12, 14

Motion for Attorneys' Fees, Costs,
and Incentive Awards                              vi                    Case No. 2:22-cv-00685-SSS-MAR

*Pokorny v. Quixtar, Inc.*,

No. C 07-0201 SC, 2013 U.S. Dist. LEXIS 100791 (N.D. Cal. July 18, 2013) ................................ 4

*Preciado v. Simple Simon's Bakery & Bistro*,

2021 Cal. Super. LEXIS 35089 (Cal. Super. Ct. July 23, 2021) ........................................ 5

*Rodriguez v. W. Publ'g Corp.*,

563 F.3d 948 (9th Cir. 2009) ............................................................................... 15

*Rolle v. Allegiant Air, LLC*,

No. 2:20-cv-10232-SSS-PDx, 2023 U.S. Dist. LEXIS 147933 (C.D. Cal. Aug. 11, 2023) .............. 5

*Schiller v. David's Bridal, Inc.*,

2012 U.S. Dist. LEXIS 80776 (E.D. Cal. June 11, 2012) ............................................... 11

*Schneider v. Chipotle Mexican Grill, Inc.*,

336 F.R.D. 588 (N.D. Cal. 2020) ........................................................................ 14

*Smith v. Keurig Green Mt., Inc.*,

2022 U.S. Dist. LEXIS 120863 (N.D. Cal. July 8, 2022) ................................................ 7

*Smith v. Keurig Green Mt., Inc.*,

2023 U.S. Dist. LEXIS 32327 (N.D. Cal. Feb. 27, 2023) .............................................. 14

*Stanger v. China Elec. Motor, Inc.*,

812 F.3d 734 (9th Cir. 2016) ............................................................................. 3

*Steiner v. Am. Broad. Co.*,

248 Fed. Appx. 780 (9th Cir. 2007) ..................................................................... 12

*Tait v. BSH Home Appliances Corp.*,

2015 U.S. Dist. LEXIS 98546 (C.D. Cal. July 27, 2015) ................................................ 3

*Tan v. Quick Box, LLC*,

2025 U.S. Dist. LEXIS 127287 (S.D. Cal. July 3, 2025) ................................................ 4

*Testone v. Barlean's Organic Oils, LLC*,

No. 3:19-cv-00169-RBM-BGS, 2023 U.S. Dist. LEXIS 37308 (S.D. Cal. Mar. 6, 2023) ................ 4

*Thomas v. Magnachip Semiconductor Corp.*,

2018 U.S. Dist. LEXIS 82801 (N.D. Cal. May 15, 2018) ............................................... 14

*Vizcaino v. Microsoft Corp.*,

290 F.3d 1043 (9th Cir. 2002) ................................................................................ 4, 6, 7, 8

*Wren v. RGIS Inventory Specialists*,

2011 U.S. Dist. LEXIS 38667 (N.D. Cal. Apr. 1, 2011) ..................................................... 8

*Yun-Fei Lou v. Am. Honda Motor Co.*,

2025 U.S. Dist. LEXIS 89346 (N.D. Cal. May 9, 2025) ................................................... 13

*Zubia v. Shamrock Foods Co.*,

2017 U.S. Dist. LEXIS 223446 (C.D. Cal. Dec. 21, 2017) .............................................. 11

I.        Introduction.

After years of strenuous litigation—including multiple rounds of class certification briefing and extensive fact and expert discovery—Class Counsel achieved a settlement that provides $2,400,000 in monetary relief, as well as meaningful non-monetary programmatic relief, to the Settlement Class.

To compensate Class Counsel for their substantial efforts and the strong result reached for the Settlement Class, Counsel requests an award of $800,000 in attorneys' fees. Such an award amounts to one third of the common fund provided by the Settlement—without even considering the value of the meaningful non-monetary relief—which is in line with California and Ninth Circuit precedent on reasonable attorneys' fees. Class Counsel also seeks reimbursement of $116,277.66 in reasonable litigation and settlement costs. And Class Counsel requests $5,000 incentive awards for each Class Representative to compensate them for their diligent service to the Class.

As discussed below, the requested fees, costs, and incentive awards are fair, reasonable, and justified considering the significant work and excellent results obtained on behalf of the Settlement Class. The Court should award them in full.

II.       The Settlement.

The Settlement provides substantial and meaningful monetary and non-monetary benefits to Settlement Class Members.

Monetary relief. The Settlement Agreement requires G.Skill to establish a $2,400,000 non-reversionary cash fund. Agreement §1.32. The Settlement Fund will be used to make benefit payments to the Settlement Class, as well as to pay notice and administration costs, service awards to the Plaintiffs, and an award of attorneys' fees and costs—as approved by the Court. *Id.* To receive a benefit payment, a Settlement Class Member must fill out and file a claim form that is approved by the Settlement Administrator. *Id.* §§1.3-1.5, 2.1(b). Class Members may submit a claim for up to five qualifying purchases without proof of purchase or more than five qualifying purchases with reasonable proof of purchase. *Id.* §2.1(b). Class Members whose claims are approved by the Settlement Administrator will receive a pro rata portion of the Net Settlement Fund after the payment of any notice and administration costs, service awards, and attorneys' fees and costs. *Id.*

Motion for Attorneys' Fees, Costs,
and Incentive Awards                           1                    Case No. 2:22-cv-00685-SSS-MAR

Non-Monetary Relief. In addition to the $2,400,000 common fund, the Settlement also provides Class Members with significant non-monetary relief. *Id*. §2.2. The Settlement requires G.Skill to make changes to its packaging, website, and the content provided to resellers of the relevant products within 90 days of the effective date of the Settlement. *Id*. §2.2(a)-(c). More specifically, G.Skill will qualify the listed speeds advertised on the products by adding "up to" (e.g. "up to DDR4-3200"), as well as a disclaimer indicating that, to achieve this speed, "overclocking / BIOS adjustments" are required. *Id*. In other words, G. Skill will update their labeling to identify product speeds in the exact manner that Plaintiffs alleged would not be misleading. Complaint (Dkt. 42) ¶35 ("[I]f G.Skill's High-Speed Memory was only able to operate at the advertised speed after altering the computer's firmware [i.e., adjusting BIOS], this is something a reasonable consumer would want to know, and expect Defendants to clearly disclose."). Such measures will meaningfully benefit Class Members and future consumers, protecting them from the alleged harm at the heart of this case.

**III.   Class Counsel's requested fee award is fair, reasonable, and justified.**

In extensively litigating this case for more than two years, Class Counsel expended substantial time and effort on behalf of the Settlement Class. And ultimately, Counsel obtained a Settlement that provides substantial relief to the Class. To compensate them for their efforts and results, Class Counsel requests $800,000 in attorneys' fees. Such an award is in line with California and Ninth Circuit precedent for reasonable fee awards in class actions. And each of the factors used to assess attorneys' fees requests, as well as a lodestar cross-check, confirm that the requested fees are reasonable and justified. The Court should award them in full.

**A.   The Court should primarily rely on the favored percentage-of-the-fund method.**

Under both California and Ninth Circuit law, [1] courts have "the discretion to choose between either the lodestar or the percentage-of-fund methods when calculating fees." *Stanger v. China Elec.*

---

[1] In diversity cases, the Ninth Circuit applies state law to determine fees. *See Mangold v. California Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995). But courts "may still look to federal authority for guidance in awarding attorneys' fees." *Black v. T-Mobile USA, Inc.*, 2019 U.S. Dist. LEXIS 123676, at *14 (N.D. Cal. July 24, 2019).

Motion for Attorneys' Fees, Costs,
and Incentive Awards                          2                    Case No. 2:22-cv-00685-SSS-MAR

*Motor, Inc.*, 812 F.3d 734, 738 (9th Cir. 2016); *see Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

"[T]he use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees." *In re Apple Inc. Device Performance Litig.*, 2021 U.S. Dist. LEXIS 50546, at *21 (N.D. Cal. Mar. 17, 2021); *see Kaye v. Immunocellular Therapeutics, Ltd.*, 2019 U.S. Dist. LEXIS 201657, at *17 (C.D. Cal. Nov. 19, 2019) (the percentage-of-the-fund method "is typically used when a common fund is created."); *see Lopez v. Youngblood*, 2011 U.S. Dist. LEXIS 99289, at *9 (E.D. Cal. Sep. 1, 2011) (in common fund cases, the "percentage of the available fund analysis is the preferred approach in class action fee requests"). This is because "[t]here are significant benefits to the percentage approach, including consistency with contingency fee calculations in the private market," and "reducing the burden on the courts that a complex lodestar calculation requires." *Tait v. BSH Home Appliances Corp.*, 2015 U.S. Dist. LEXIS 98546, at *34 (C.D. Cal. July 27, 2015). Plus, calculating attorneys' fees as a percentage-of-the-fund "aligns the interests of the counsel and the class, i.e., class counsel directly benefit from increasing the size of the class fund and working in the most efficient manner." *Lopez*, 2011 U.S. Dist. LEXIS 99289, at *9; *see Aichele v. City of L.A.*, 2015 U.S. Dist. LEXIS 120225, at *17 (C.D. Cal. Sep. 9, 2015) ("It is well recognized that attorneys' fees should be aligned with those of the class, which is best accomplished by awarding a percentage of the fund in the normal contingent fee range.").

The lodestar method, in contrast, is primarily used "when 'there is no way to gauge the net value of the settlement or of any percentage thereof.'" *Arthur v. Sallie Mae, Inc.*, 2012 U.S. Dist. LEXIS 132061, at *3 (W.D. Wash. Sep. 17, 2012) (*quoting Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998)); *see Ahmed v. HSBC Bank United States*, 2019 U.S. Dist. LEXIS 222750, at *17 (C.D. Cal. Dec. 30, 2019) ("The lodestar method is typically utilized when the relief obtained is 'not easily monetized.'"). And it is disfavored in common fund cases because "the lodestar method increases the amount of fee litigation," "lacks objectivity," and "can result in churning, padding of hours, and inefficient use of resources." *Lopez*, 2011 U.S. Dist. LEXIS 99289, at *11. Thus, while courts may choose to apply a lodestar cross-check, the lodestar method is disfavored as a primary method in common fund settlements.

Here, the primary relief provided by the Settlement is an easily quantifiable $2,400,000 common fund.[2] Thus, the Court should follow the prevailing practice and primarily evaluate the fee request as a percentage of the fund established for the benefit of the Settlement Class.

**B.  The requested fee is in line with California and Ninth Circuit precedent for fees, and is presumptively reasonable.**

"[T]he use of the percentage-of-the-fund method in common-fund cases is the prevailing practice in the Ninth Circuit for awarding attorneys' fees." *In re Apple Inc. Device Performance Litig.*, 2021 U.S. Dist. LEXIS 50546, at *21; *Lopez*, 2011 U.S. Dist. LEXIS 99289, at *9 (in common fund cases, the "percentage of the available fund analysis is the preferred approach in class action fee requests").

In this Circuit, "it is well-established that 25% of a common fund is a presumptively reasonable amount of attorneys' fees." *McShan v. Hotel Valencia Corp.*, 2021 U.S. Dist. LEXIS 69558, at *2 (N.D. Cal. Apr. 9, 2021). But the presumptively reasonable 25% is a "starting point for analysis," and the selected rate must "take into account all of the circumstances of the case." *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002). In "most common fund cases, the award exceeds that benchmark." *In re Omnivision Techs.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2007); *Pokorny v. Quixtar, Inc.*, No. C 07-0201 SC, 2013 U.S. Dist. LEXIS 100791, *4 (N.D. Cal. July 18, 2013) (same).

Both California courts and Ninth Circuit district courts routinely award attorneys' fees of approximately one-third of the common fund. *See Medoff v. Minka Lighting, LLC*, No. 2:22-cv-08885-HDV, 2024 U.S. Dist. LEXIS 235592, at *2-5 (C.D. Cal. July 10, 2024) ("Class Counsel's fee request of … one-third of the Settlement Fund" "is appropriate" and "reasonable"); *Testone v. Barlean's Organic Oils, LLC*, No. 3:19-cv-00169-RBM-BGS, 2023 U.S. Dist. LEXIS 37308, at *18 (S.D. Cal. Mar. 6, 2023) (awarding one-third of the common fund in product mislabeling case) (listing like cases); *Tan v. Quick Box, LLC*, 2025 U.S. Dist. LEXIS 127287, at *25 (S.D. Cal. July 3, 2025) (awarding one-third of the common fund in fees to Kneupper Covey); *Rolle v. Allegiant Air,*

---

[2] As described above, the Settlement also provides substantial non-monetary benefits. But Class Counsel's fee request is a reasonable one third of the value of the common fund, without even considering the value of the non-monetary relief.

Motion for Attorneys' Fees, Costs, and Incentive Awards        4        Case No. 2:22-cv-00685-SSS-MAR

*LLC*, No. 2:20-cv-10232-SSS-PD, (C.D. Cal. April 25, 2023) (Sykes, J.) (Dkt 58) (Ex. 5 to Declaration of Richard Lyon ("Lyon")) (preliminary approval of "Class Counsel's request for attorneys' fees of one-third of the Gross Settlement Amount of $1,950,000, or $650,000, plus their costs"); *Rolle v. Allegiant Air, LLC*, No. 2:20-cv-10232-SSS-PDx, 2023 U.S. Dist. LEXIS 147933, at *5 (C.D. Cal. Aug. 11, 2023) (Sykes, J.) (final approval of same) (attorneys' fees of one third of the settlement fund is "fair and reasonable"); *Perez v. Merit Aluminum*, 2022 Cal. Super. LEXIS 93917, at *10-11 (Cal. Super. Ct. Apr. 6, 2022) (Sykes, J.) (observing that "most fees [in class actions] appear to fall in the range of nineteen to forty-five percent" and awarding class counsel fees of 35% of settlement fund, i.e., $612,500 of $1,750,000); *Magana v. Eibach Springs*, 2020 Cal. Super. LEXIS 33269, at *4 (Cal. Super. Ct. Dec. 8, 2020) (Sykes, J.) (awarding fees of one third of the settlement fund: $116,667.67 of $350,000); *Camarena v. Hillcrest Contr.*, 2019 Cal. Super. LEXIS 61518, at *2-3 (Cal. Super. Ct. Aug. 23, 2019) (Sykes, J.) (awarding fees of one third of the settlement fund: $305,000 of $925,000); *Preciado v. Simple Simon's Bakery & Bistro*, 2021 Cal. Super. LEXIS 35089, at *6-7 (Cal. Super. Ct. July 23, 2021) (awarding fees of one third of the settlement fund: $66,300 of $200,000).

Here, the percentage of the fund sought by counsel is in line with what California and Ninth Circuit precedent deems reasonable: one third of cash common fund, i.e., $800,000 of $2,400,000.[3] And this is without even considering the value provided by the programmatic relief. *See Nichols v. Noom, Inc.*, 2022 U.S. Dist. LEXIS 123146, at *30 (S.D.N.Y. July 12, 2022) (non-monetary relief designed to prevent future consumer protection violations was "valuable" to "the class and future customers of [defendant]"). And, as explained below, each of the relevant factors, including Counsel's lodestar, confirm that this award is fair and reasonable.

---

[3] Notice and administration costs, which come out of the $2,400,000 common fund, are properly counted as part of the settlement benefit for purposes of calculating fees under the common fund doctrine. *See Broomfield v. Craft Brew All., Inc.*, 2020 U.S. Dist. LEXIS 74801, at *80 (N.D. Cal. Feb. 5, 2020) (to calculate the value of a settlement for purposes of evaluating fees, "the Ninth Circuit and courts in this district have included attorneys' fees, settlement administration costs, and litigation expenses" in the total value).

Motion for Attorneys' Fees, Costs,
and Incentive Awards                    5                    Case No. 2:22-cv-00685-SSS-MAR

**C.      The relevant factors considered by courts each confirm that the fee request is reasonable.**

In considering the reasonableness of a fee award, courts in this Circuit regularly look to five factors: "(1) the results achieved for the class; (2) the complexity of the case and the risk of and expense to counsel of litigating it; (3) the skill, experience, and performance of counsel (both sides); (4) the contingent nature of the fee; and (5) fees awarded in comparable cases." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, 2016 U.S. Dist. LEXIS 102408, at *62 (N.D. Cal. Aug. 3, 2016) (*citing Vizcaino*, 290 F.3d at 1048-49; *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941-42 (9th Cir. 2011)).

Here, each of the factors supports Class Counsel's fee request.

**1.      Class Counsel achieved an excellent result for the Class.**

"The overall result and benefit to the class from the litigation is the most critical factor in granting a fee award." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1046. Here, the Settlement provides significant monetary and non-monetary relief to the Settlement Class.

As explained above, under the Settlement, Defendants will create a $2,400,000 common fund to benefit the Settlement Class. Agreement §1.32. The Settlement Fund will put cash directly in the hands of Settlement Class Members, as well as cover other expenses like notice and administration, attorneys' fees (as approved by the Court), and incentive awards (as approved by the Court). Under the terms of the Settlement, each Settlement Class Member who makes an approved claim will receive a pro rata portion of the Net Settlement Fund based on the number of products they purchased. Agreement §2.1(b). Notably, there is no cap on the number of purchases a Class Member may make a claim for, so long as they provide proof of purchase for any claims over five products. *Id.* And Class Members may file a claim for up to five products without providing any proof of purchase. *Id.*

Ultimately, as explained in Plaintiffs' Motion for Preliminary Approval, the estimated payment to purchasers under this Settlement (based on the anticipated claims rate) is approximately $7.80 per purchase, which actually *exceeds* the midpoint price premium damages of $6.40 per purchase that Plaintiffs could potentially prove at trial. *See* Dkt. 126 ("Motion for Preliminary

Approval") at 5 (explaining this, with the help of expert analysis). This is an excellent outcome for the Settlement Class, especially in light of the sizable "risk[s]" that with "continued litigation," "Plaintiff[s] and the class will receive nothing." *Koeppen v. Carvana, LLC*, 2024 U.S. Dist. LEXIS 81686, at *18 (N.D. Cal. May 3, 2024).

Also, the settlement amount ($2.4 million settlement) is approximately 5.8% of the total potential recovery ($41.6 million, assuming the same midpoint price premium) if Plaintiffs were to succeed completely in this litigation. [4] This is well within the range of reasonableness for class settlements approved in this Circuit. *See e.g.*, *Maciel v. Bar 20 Dairy, LLC*, 2021 U.S. Dist. LEXIS 87242, at *16-19 (E.D. Cal. May 5, 2021) (granting approval of settlement representing about 3% of the potential recovery); *Perez v. CVS Health Corp.*, 2021 U.S. Dist. LEXIS 110216, at *17-20 (E.D. Cal. June 11, 2021) (granting approval of a final settlement representing about 2.5% of the class's potential recovery); *Fitzhenry-Russell v. Coca-Cola Co.*, 2019 U.S. Dist. LEXIS 200701, at *8 (N.D. Cal. June 13, 2019) (granting preliminary approval of a $2.45 million settlement fund, finding it reasonable compared to the $58 million potential damages given the risks of trial).

Plus, in addition to the monetary benefits described above, Class Counsel secured meaningful non-monetary relief for the Class. *See Fitzhenry-Russell v. Coca-Cola Co.*, 2019 U.S. Dist. LEXIS 232216, at *18, 24 (N.D. Cal. Oct. 3, 2019) ("It is appropriate for the Court to consider the injunctive relief in assessing the benefit to the class … but [the Court] need not determine a specific monetary value associated with that relief."). The Settlement requires G.Skill to make changes to its labeling practices that will protect Class Members and future consumers from the harm alleged in this case, and thus adds to the value of the Settlement. *See Smith v. Keurig Green Mt., Inc.*, 2022 U.S. Dist. LEXIS 120863, at *28 (N.D. Cal. July 8, 2022) (changes to a company's "labeling and advertising of its products nationwide to include … disclaimer[s]" entail "a 'costly process' that benefits the Settlement Class but is not accounted for in the settlement amount."); *Vizcaino*, 290 F.3d at 1049 (noting that "nonmonetary benefits conferred by the litigation are a relevant circumstance" in determining a "reasonable percentage" of the fund to be awarded as attorneys' fees); *see, e.g.*, *Wren*

---

[4] ($6.40 price premium per purchase, Dkt. 126 at 5) x (6.5 million qualifying purchases, Dkt. 126-2, ¶22) = $41.6 million potential recovery.

Motion for Attorneys' Fees, Costs, and Incentive Awards                    7                    Case No. 2:22-cv-00685-SSS-MAR

*v. RGIS Inventory Specialists*, 2011 U.S. Dist. LEXIS 38667, at *83 (N.D. Cal. Apr. 1, 2011) (approving 42% of total settlement awarded as attorneys' fees in part because "the results achieved … include both monetary and injunctive relief").

### 2.    The case presented significant risks.

"The risk that further litigation might result in no recovery is a 'significant factor' in assessing the fairness and reasonableness of an award of attorneys' fees." *Bravo v. Gale Triangle, Inc.*, 2017 U.S. Dist. LEXIS 77714, at *46 (C.D. Cal. Feb. 16, 2017); *see Vizcaino*, 290 F.3d at 1048 ("Risk is a relevant circumstance" in determining an attorney fee award).

Here, the litigation presented a number of significant obstacles that created a real risk that Settlement Class Members would receive no recovery (and thus, that Class Counsel would engage in substantial litigation without receiving any compensation for their efforts). These risks are evident from the extensive litigation of this case prior to settlement, and the numerous and non-frivolous arguments that G.Skill has raised, attacking critical aspects of Plaintiffs' case.

After filing the case, Plaintiffs engaged in extensive fact and expert discovery (including written discovery, voluminous document production, five depositions, and expert reports from five different experts); substantial motion practice (including multiple rounds of briefing and supplemental briefing on Plaintiffs' motion for class certification); and three separate mediations. Lyon ¶¶8-10.

During this process, G.Skill developed and presented evidence and arguments that create serious obstacles for the next stages of litigation, presenting a significant risk that Class members would not recover anything on their claims. Dkt. 126-2 (Lyon Preliminary Approval Declaration), ¶23. For example, G.Skill has raised numerous challenges to Plaintiffs' ability to prove classwide reliance and classwide damages. G.Skill argues (with supporting expert evidence) that Plaintiffs (and the Class) were not misled at all, and had full knowledge of the need to overclock their RAM to achieve its maximum speed. Dkt. 86-8 (Vaidyanathan Declaration); Dkt. 86-7 (Gervasi Declaration). G.Skill also argues (with supporting expert evidence) that Plaintiffs cannot show individual reliance because of variations in content and wording across the representations made on the challenged

Motion for Attorneys' Fees, Costs,
and Incentive Awards                                    8                        Case No. 2:22-cv-00685-SSS-MAR

products' packaging and online listings, especially since most products were sold by independent resellers. *Id*.

At class certification, the Parties presented competing consumer surveys that reached opposite conclusions on the questions of deception and materiality—offering a preview of the major merits disputes that lie ahead in further litigation. *Id*. Though the class certification stage asked only whether deception and materiality were "susceptible to common proof" (not whether deception and materiality had been proved), the ultimate liability questions remained unresolved. And resolving these liability issues, as well as damages issues, would require a "battle of the experts" that is not only costly, but also has an uncertain outcome. *Kumar v. Salov N. Am. Corp*., 2017 U.S. Dist. LEXIS 105463, at \*21 (N.D. Cal. July 7, 2017).

The next steps in the case would have required Plaintiffs to expend tremendous time and expense, and face additional risk, to defeat potential summary judgment motions, win at trial, and potentially beat back appeals, to obtain any recovery whatsoever. *See Bakhtiar v. Info. Res., Inc*., 2020 U.S. Dist. LEXIS 258600, at \*26 (N.D. Cal. Aug. 4, 2020) ("[C]ontinued litigation carries significant risk and could result in no recovery for the settlement classes [and] would require investing additional time and resources on discovery, class certification, dispositive and discovery motions, trial, and appeals."); *Larsen v. Trader Joe's Co*., 2014 U.S. Dist. LEXIS 95538, at \*12 (N.D. Cal. July 11, 2014) ("[S]ettlement is favored where, as here, significant procedural hurdles remain, including class certification and an anticipated appeal."). And Class Counsel recognized and weighed these risks appropriately in negotiating this Settlement.

In short, Class Counsel took a risky case and turned it into an excellent outcome for the Settlement Class. This weighs in favor of awarding Class Counsel's fee request in full.

> **3.    The Settlement Class benefited from Class Counsel's excellent work and significant expertise.**

The "prosecution and management of a complex national class action requires unique legal skills and abilities." *In re Omnivision Techs.*, 559 F. Supp. 2d at 1047. Accordingly, courts consider Class Counsels' experience with and expertise in complex litigation, and consumer class actions in particular, when evaluating fees. *See, e.g.*, *In re Apple*, 2021 U.S. Dist. LEXIS 50546, at \*30-31

Motion for Attorneys' Fees, Costs,
and Incentive Awards                                      9                      Case No. 2:22-cv-00685-SSS-MAR

("Class Counsel's skill and the quality of their work also favor a fee award."); *Alvarez v. Farmers Ins. Exch.*, 2017 U.S. Dist. LEXIS 119128, at *8 (N.D. Cal. Jan. 17, 2017) ("Class Counsel's expertise and experience indicate that the requested fees are appropriate.").

Here, Class Counsel has substantial experience with complex class actions and has served as counsel for classes of plaintiffs in a variety of cases. Lyon ¶¶3-6; Dkt. 126-7 (Declaration of Kevin M. Kneupper) ¶¶19-22. In particular, Class Counsel has considerable experience representing consumers in deceptive advertising cases, including deceptive high-speed RAM cases like this. Lyon ¶¶3-6. This experience bolstered Class Counsel's ability to successfully litigate and settle this case.

In addition, Class Counsel has dedicated substantial time, effort, and resources to this case, and performed skillfully throughout. *See* § III(D) below (Counsel spent 942 hours on this litigation). Class Counsel thoroughly investigated the potential claims before filing this case; prepared and filed multiple comprehensive and detailed complaints; engaged in extensive discovery, including serving and responding to numerous discovery requests, repeatedly meeting on discovery issues, and taking and defending five depositions; engaged and worked with three experts on liability and damages issues; drafted and filed multiple rounds of class certification briefing; prepared for and attended three mediations; and negotiated this excellent Settlement. Lyon ¶¶7-10; *see Defrees v. Kirkland*, 2018 U.S. Dist. LEXIS 125462, at *14 (C.D. Cal. July 26, 2018) ("[T]he quality of Class Counsel's work is evidenced by the favorable settlement achieved."). Thus, Class Counsel worked diligently and effectively on behalf of the Settlement Class, and Counsel's demonstrated skill and conscientiousness supports the requested fee award.

In addition to Class Counsel's performance, courts also consider "the quality of opposing counsel as a measure of the skill required to litigate the case successfully." *In re Apple*, 2021 U.S. Dist. LEXIS 50546, at *31; *In re Animation Workers Antitrust Litig.*, 2016 U.S. Dist. LEXIS 156720, at *26 (N.D. Cal. Nov. 11, 2016) ("The quality of opposing counsel should also be considered."). Here, G.Skill has been represented throughout the litigation by the Lexint Law Group, excellent attorneys who are known for their skill as trial attorneys and who have shown themselves to be able adversaries throughout this litigation.

Motion for Attorneys' Fees, Costs, and Incentive Awards                    10                    Case No. 2:22-cv-00685-SSS-MAR

In short, Class Counsel's skill and quality of work weigh in favor of awarding Class Counsel's fee request in full.

### 4. Class Counsel took this case on a contingency basis and has borne significant financial burdens.

"The contingent nature of [] representation bears on the overall fairness and reasonableness of a fee request." *Zubia v. Shamrock Foods Co.*, 2017 U.S. Dist. LEXIS 223446, at *46 (C.D. Cal. Dec. 21, 2017). And, "[t]he risk that counsel will not recover, as well as the financial burden accompanying the contingent nature of the representation, may justify a higher percentage fee award." *Id.*; *see In re Omnivision Techs.*, 559 F. Supp. 2d at 1047 ("The importance of assuring adequate representation for plaintiffs who could not otherwise afford competent attorneys justifies providing those attorneys who do accept matters on a contingent-fee basis a larger fee than if they were billing by the hour or on a flat fee.").

Here, "Class Counsel litigated the case on a contingency basis, which necessarily presented considerable risk." *Schiller v. David's Bridal, Inc.*, 2012 U.S. Dist. LEXIS 80776, at *51 (E.D. Cal. June 11, 2012). Thus, "[t]he requested award also is justified in light of the significant risks that counsel undertook in litigating this action on a contingency basis." *Bakhtiar v. Info. Res., Inc.*, 2021 U.S. Dist. LEXIS 192303, at *23 (N.D. Cal. Feb. 10, 2021). Indeed, Counsel has yet to receive payment for any of their work on this case. Lyon ¶19. And, in addition to the substantial time dedicated to litigating the case, Counsel has borne meaningful out-of-pocket expenses, including expert and mediator fees. *Id.* ¶28. And there was no guarantee that Counsel would ever receive reimbursement for those costs, or compensation for its work. This weighs in favor of granting the fee request in full. *See In re Omnivision Techs.*, 559 F. Supp. 2d at 1047.

### 5. Courts in comparable cases have awarded similar fees.

As detailed above, both California courts and Ninth Circuit district courts routinely award attorneys' fees of approximately one-third of the common fund in comparable cases. *See supra* Section III(B) (listing cases).

### D. A lodestar cross-check supports the reasonableness of the requested fee.

After applying the percentage method to assess attorneys' fees, courts have the discretion to

Motion for Attorneys' Fees, Costs,
and Incentive Awards                                11                    Case No. 2:22-cv-00685-SSS-MAR

"confirm an award's reasonableness through a lodestar cross-check." *Hefler v. Wells Fargo & Co.*, 2018 U.S. Dist. LEXIS 213045, at \*38 (N.D. Cal. Dec. 17, 2018); *cf. Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1126 (9th Cir. 2020) (courts have discretion not to perform a cross-check). "When a court uses the lodestar as a crosscheck of a percentage claim of fees, it need only make a 'rough calculation.'" *Acosta v. Evergreen Moneysource Mortg. Co.*, 2019 U.S. Dist. LEXIS 198728, at \*42-43 (E.D. Cal. Nov. 14, 2019); *see In re Toys "R" Us-Del., Inc.- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 460 (C.D. Cal. 2014) ("In cases where courts apply the percentage method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award."). And a "district court may rely on attorney fee summaries rather than actual billing records." *Alston v. NCAA (In re NCAA Ath. Grant-in-Aid Cap Antitrust Litig.)*, 768 Fed. Appx. 651, 654 (9th Cir. 2019).

Here, as of March 23, 2026, Class Counsel has spent 942 hours, over the course of more than four years, on this litigation and Settlement. Lyon ¶18; *id.* ¶20 (detailing the types of necessary tasks completed on behalf of the Settlement Class). And the total lodestar for past work on this case is $687,178—which does not account for the future work that Class Counsel will need to undertake to carry out this Settlement. Lyon ¶21; *see In re Volkswagen "Clean Diesel" Mktg., Prods. Liab. Litig.*, 746 Fed. Appx. 655, 659 (9th Cir. 2018) ("The district court did not err in including projected time in its lodestar cross-check; the court reasonably concluded that class counsel would, among other things, defend against appeals and assist in implementing the settlement"). Class Counsel's requested fee of $800,000 results in a modest lodestar multiplier of about 1.18, which supports the reasonableness of the fee award. Lyon ¶18. Such a multiplier is on the very low end of what is considered reasonable in this Circuit. In fact, courts in this Circuit often approve multipliers that are much higher than Class Counsel's. *See* e.g., *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming a fee award with a 6.85 multiplier); *Perez v. Rash Curtis & Assocs.*, 2020 U.S. Dist. LEXIS 68161, at \*62 (N.D. Cal. Apr. 17, 2020) (awarding lodestar multiplier of between 13.42-18.15 and noting that this was "still within the surveyed acceptable range in the Ninth Circuit"); *Craft v. Cnty. of San Bernardino*, 624 F. Supp. 2d 1113, 1125 (C.D. Cal. 2008) (approving $6,375,000 in fees, representing a 5.2 multiplier); *Buccellato v. AT&T Operations, Inc.*, 2011 U.S. Dist. LEXIS 85699, at

*4-5 (N.D. Cal. June 30, 2011) (approving $3,125,000 in fees, representing a 4.3 multiplier, and collecting cases).

In any event, Class Counsel's success in securing an excellent outcome for the Class, despite bearing significant risks, supports an upward lodestar multiplier in this case. This Court has discretion to apply a multiplier to account for various factors, "including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (Ct. App. 1st Dist. 2000); *see Miller v. Ghiradelli Chocolate Co.*, 2015 U.S. Dist. LEXIS 20725, at *18 (N.D. Cal. Feb. 20, 2015) (citing the *Lealao* factors with approval). And, as discussed above, Class Counsel secured this excellent Settlement despite facing significant obstacles and risks throughout the litigation process. So, Class Counsel's lodestar multiplier of 1.18 is especially appropriate given the risks borne in litigating this case on a contingency basis, the complex issues navigated, and the successful outcome achieved.

Class Counsel has provided the hourly rates for every person who worked on the litigation at both Dovel & Luner and Kneupper Covey. Lyon ¶18. These rates are well within the range of prevailing market rates charged by attorneys of similar experience, skill, and expertise in the Los Angeles, California area—where Class Counsel is located—and other major legal markets. *Id.* ¶¶ 22-24 (providing example cases and articles discussing billing rates). In fact, comparable, and often higher, hourly rates have been found reasonable for reasonably comparable services. *See, e.g., Owlink Tech., Inc. v. Cypress Tech. Co., Ltd.*, 2023 U.S. Dist. LEXIS 231847, at *8 (C.D. Cal. Dec. 12, 2023) (finding hourly rates of $1,200 for partners and $900 for associates reasonable); *Yun-Fei Lou v. Am. Honda Motor Co.*, 2025 U.S. Dist. LEXIS 89346, at *26 (N.D. Cal. May 9, 2025) (finding hourly rates up to $1,275 reasonable for partners, and hourly rates up to $775 reasonable for non-partner and non-counsel attorneys); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, 2017 U.S. Dist. LEXIS 39115, at *732 (N.D. Cal. Mar. 17, 2017) (finding reasonable rates of up to $1,600 for partners, $790 for associates, and $490 for paralegals); *Carlotti v. Asus Comput. Int'l*, 2020 U.S. Dist. LEXIS 108917, at *15-16 (N.D. Cal. June 22, 2020) (finding partner rates up to $1,025 and rates between $450 to $900 for other attorneys reasonable); *In re High-*

*Tech Emple. Antitrust Litig.*, 2015 U.S. Dist. LEXIS 118052, at *33-34 (N.D. Cal. Sep. 2, 2015) (awarding attorneys' fees that ranged from $310 to $800 for associates, and partners rates from $480 to $975).

* * *

In short, Class Counsel's fees request is easily justified as a percentage of the Settlement Fund, and the reasonableness of the request is confirmed by consideration of all relevant factors, including Counsel's lodestar.

### IV.    The requested costs were reasonably incurred for the prosecution and settlement of this litigation, and should be reimbursed in full.

"An attorney who has created a common fund for the benefit of the class is entitled to reimbursement of reasonable litigation costs from that fund." *Smith v. Keurig Green Mt., Inc.*, 2023 U.S. Dist. LEXIS 32327, at *29 (N.D. Cal. Feb. 27, 2023). In other words, Class Counsel is entitled to recover "those out-of-pocket expenses that would normally be charged to a fee paying client." *Elder v. Hilton Worldwide Holdings, Inc.*, 2021 U.S. Dist. LEXIS 204099, at *26 (N.D. Cal. Feb. 4, 2021). "The prevailing view is that expenses are awarded in addition to the fee percentage." *Perez*, 2020 U.S. Dist. LEXIS 68161, at *64 (citation omitted); *see, e.g.*, *Hubbard v. Henkel Corp.*, 2022 U.S. Dist. LEXIS 248140, at *14 (N.D. Cal. July 25, 2022) (awarding fees, plus expenses); *Smith*, 2023 U.S. Dist. LEXIS 32327, at *27-29 (same); *Schneider v. Chipotle Mexican Grill, Inc.*, 336 F.R.D. 588, 601-02 (N.D. Cal. 2020) (same).

Here, Counsel have incurred a total of $116,277.66 in out-of-pocket litigation and settlement expenses. Lyon ¶28, Exs. 3-4. These expenses, which are itemized in the Lyon declaration, include necessary expert fees for the well-regarded experts retained by Plaintiffs in connection with class certification, mediation fees, translation fees for service of letters rogatory, and other customary litigation expenses. *Id*. These costs are the type of expenses normally charged to fee paying clients and reflect the types of costs that courts routinely approve for reimbursement in class actions. *See, e.g.*, *Schneider*, 336 F.R.D. at 602 (awarding $636,556.28 in costs, a majority of which was related to class certification expert fees); *Thomas v. Magnachip Semiconductor Corp.*, 2018 U.S. Dist. LEXIS 82801, at *13-14 (N.D. Cal. May 15, 2018) (approving costs totaling $795,401.42, over 87% of

Motion for Attorneys' Fees, Costs,
and Incentive Awards                          14                    Case No. 2:22-cv-00685-SSS-MAR

which were attributable to expert costs). Class Counsel's expenses were reasonably necessary to litigate and resolve this action. The Court should approve the $116,277.66 reimbursement in full.

**V.      The requested incentive awards are reasonable and should be approved.**

Incentive awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). In the Ninth Circuit, incentive awards to Class Representatives "typically range from $2,000 to $10,000." *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 267 (N.D. Cal. 2015). And a "request of $5,000 is reasonable as that amount is the presumptive incentive award." *In re Chrysler-Dodge-Jeep EcoDiesel Mktg., Sales Practices, & Prods. Liab. Litig.*, 2019 U.S. Dist. LEXIS 21990, at *50 (N.D. Cal. Feb. 11, 2019); *see Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) (noting that "$5,000 is presumptively reasonable" for an incentive award).

Here, Plaintiffs request presumptively reasonable incentive awards of $5,000 each. Together, the awards amount to approximately 0.4% of the Settlement's total monetary value. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving incentive award of $5,000 to two plaintiffs, comprising 0.56% of the total settlement fund); *Bennett v. SimplexGrinnell LP*, 2015 U.S. Dist. LEXIS 192870, at *25 (N.D. Cal. Sep. 3, 2015) (approving incentive awards of $5,000 for four plaintiffs, comprising 0.4% of the total settlement fund).

The $5,000 incentive awards are particularly justified here given Plaintiffs' diligent and extensive efforts on behalf of the Class. Both named Plaintiffs provided factual background to assist in the development of the case, gathered documents in response to G.Skill's discovery requests, prepared for and sat for a deposition, submitted a declaration in support of class certification (as well as in support of the preliminary approval of the Settlement), made themselves available by telephone for the mediations, and evaluated and approved the Settlement Agreement. Dkt. 126-4 ("Declaration of Tristan Hurd") ¶7; Dkt. 126-5 ("Declaration of Ken Dimicco") ¶7. Thus, $5,000 awards are more than warranted in view of Plaintiffs' substantial efforts in this case and the results obtained.

**VI.     Conclusion.**

In short, Plaintiffs and Class Counsel obtained an excellent result for the Class. They should be awarded the requested fees, costs, and incentive awards in full.

Dated:  March 24, 2026                    Respectfully submitted,


                                          /s/ Richard Lyon
                                          Richard Lyon (Cal. Bar No. 229288)
                                          rick@dovel.com
                                          Simon Franzini (Cal. Bar No. 287631)
                                          simon@dovel.com
                                          Jonas Jacobson (Cal. Bar No. 269912)
                                          jonas@dovel.com
                                          Grace Bennett (Cal. Bar No. 345948)
                                          grace@dovel.com
                                          DOVEL & LUNER, LLP
                                          201 Santa Monica Blvd., Suite 600
                                          Santa Monica, California 90401
                                          Telephone: (310) 656-7066
                                          Facsimile: +1 (310) 656-7069

                                          Kevin Kneupper, Esq. (CA SBN 325413)
                                          kevin@kneuppercovey.com
                                          A. Cyclone Covey, Esq. (CA SBN 335957)
                                          cyclone@kneuppercovey.com
                                          KNEUPPER & COVEY, PC
                                          17011 Beach Blvd., Ste. 900
                                          Huntington Beach, CA 92647-5998
                                          Tel: (512) 420-8407

                                          *Counsel for Plaintiffs and the Settlement Class*


## **Certification of Compliance**

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 5,835 words, which complies with the word limit of L.R. 11-6.1.


Dated: March 24, 2026                     By: */s/ Richard Lyon*
                                              Richard Lyon


Motion for Attorneys' Fees, Costs,
and Incentive Awards                          16                  Case No. 2:22-cv-00685-SSS-MAR